E-FILED on 03/03/15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT JOHN STOCKTON, JR., | ) | No. C 13-3978 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART RESPONDENT'S |
| vs. | ) | MOTION TO DISMISS; GRANTING |
| | ) | PETITIONER'S MOTION TO |
| | ) | WITHDRAW MOTION TO |
| ACTING WARDEN CLARK DUCART, | ) | CONSOLIDATE; FURTHER |
| | ) | BRIEFING |
| Respondent. | ) | |
| | ) | (Docket Nos. 8, 14) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 challenging the prison's Institutional Classification Committee's
2011 decision during his periodic review hearing to retain petitioner in the secured housing unit
("SHU").  Petitioner had been placed in the SHU in 2009 after being validated as a gang
member.  The court ordered respondent to show cause why the petition should not be granted.
Respondent has filed a motion to dismiss for failure to state a claim.  Petitioner has filed an
opposition, and respondent has filed a reply.  For the reasons below, the court GRANTS in part
and DENIES in part respondent's motion to dismiss.[1]

---

[1] Petitioner's motion to withdraw his motion to consolidate his cases is GRANTED.

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss; Granting Petitioner's Motion to
Withdraw Motion to Consolidate; Further Briefing
P:\PRO-SE\RMW\HC.13\Stockton978MTD.wpd

1

**BACKGROUND**

2       In his petition, petitioner claims that he was validated as a gang member in 2009, which

3   resulted in his indefinite placement in the SHU.  Petitioner argues that his November 2011

4   periodic review was not meaningful, and his continued retention was not supported by some

5   evidence, in violation of his right to due process.

6

**DISCUSSION**

7       Respondent argues that the petition should be dismissed because petitioner the claims

8   will not necessarily result in speedier release; petitioner fails to state a claim under the AEDPA;

9   the petition fails to set forth sufficient facts for relief; the claims are successive to petitioner's

10  claims in Stockton v. Adams, No. 11-5562 RMW ("Stockton I"); and the state law claims are not

11  cognizable.

12      Respondent argues that habeas jurisdiction is absent because success on petitioner's

13  claims will not necessarily result in speedier release.  Challenges to the validity of any

14  confinement or to particulars affecting its duration are the province of habeas corpus."  Hill v.

15  McDonough, 547 U.S. 573, 579 (2006) (quotation marks and citation omitted).  "An inmate's

16  challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

17  On the other hand, a writ of habeas corpus is the appropriate federal remedy when "a state

18  prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

19  seeks is a determination that he is entitled to an immediate or speedier release from that

20  imprisonment."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see Docken v. Chase, 393 F.3d

21  1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  Id.

22  at 1031; see also id. at 1027 n.2.

23      The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to

24  accelerate" eligibility for parole, even though success in such cases would not necessarily

25  implicate the fact or duration of confinement.  Id. at 1028 (citing Bostic v. Carlson, 884 F.2d

26  1267 (9th Cir. 1989), and Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003)).  "Thus,

27  although Supreme Court case law makes clear that § 1983 is not available where a prisoner's

28

claim 'necessarily' implicates the validity or duration of confinement, it does not appear to set out any mirror-image limitation on habeas jurisdiction." <u>Docken</u>, 393 F.3d at 1028; <u>but see</u> <u>Ramirez</u>, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

After a careful review, and recognizing that district courts in this circuit have not been uniform in deciding this particular issue of whether a claim like petitioner's is properly brought in a habeas action, the court concludes that petitioner's claims may be brought in a Section 2254 petition. <u>See, e.g.</u>, <u>Chavez v. Lewis</u>, No. 11-0376 EMC, 2012 WL 538242, *11 (N.D. Cal. Feb. 17, 2012) (denying motion to dismiss, <u>inter alia</u>, on the basis that habeas jurisdiction is proper when petitioner is requesting a transfer from the SHU into the general prison population in order to be considered for parole eligibility); <u>Larriva v. Watson</u>, No. 1:06-cv-01453 OWW WMW, 2008 WL 398847, *3 (E.D. Cal. Feb. 12, 2008) (denying motion to dismiss on ground that habeas jurisdiction is absent when prisoner challenges his gang validation and SHU placement); <u>Murphy v. Department of Corrections and Rehabilitation</u>, No. C 06-04956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary conviction cognizable on habeas review because expungement could affect the duration of the petitioner's confinement by making it more likely that he would be granted parole). Here, although release from the SHU would not "necessarily shorten [petitioner's] sentence," <u>Ramirez</u>, 34 F.3d at 859, it is "likely" to accelerate his eligibility for parole, <u>Bostic</u>, 884 F.2d at 1269, and/or "could potentially affect the duration of his confinement." <u>Docken</u>, 393 F.3d at 1031.

Moreover, the Supreme Court has intimated that not all habeas cases must fall within the "core" types of claims. "It is one thing to say that permissible habeas relief, as our cases interpret the statute, includes ordering a "quantum change in the level of custody," <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir. 1991) (Posner, J.), such as release from incarceration to parole. It is quite another to say that the habeas statute authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

1   Here, petitioner's request to be released from the SHU and back into the regular prison

2   environment, if successful, would result in a "quantum change in the level of custody." See

3   Grahan, 922 F.2d at 381 ("If the prisoner is seeking what can fairly be described as a quantum

4   change in the level of custody – whether outright freedom, or freedom subject to the limited

5   reporting and financial constraints of bond or parole or probation, or the run of the prison in

6   contrast to the approximation to solitary confinement that is disciplinary segregation – then

7   habeas corpus is his remedy."). Accordingly, out of an abundance of caution, the court rejects

8   respondent's argument that habeas jurisdiction is absent in this case.

9        Respondent also argues that the Supreme Court has not yet squarely addressed the issue

10  of whether inmates have a liberty interest in transferring out of administrative segregation into

11  general population and therefore, petitioner fails to state a claim. Respondent's interpretation of

12  petitioner's claim appears to be too narrow. Moreover, respondent's argument is more suited to

13  answer the question of whether petitioner is entitled to relief in federal court on the merits, rather

14  than whether petitioner has stated a claim for relief. As the court previously found, liberally

15  construed, petitioner claims that his 2011 periodic review did not offer a "meaningful review"

16  and that its decision was not based on "some evidence."

17       The Supreme Court holdings on prisoners' rights in administrative segregation placement

18  decisions are quite limited and are most recently found in Sandin v. Conner, 515 U.S. 472

19  (1995), which sets out the criteria for determining whether there is a protected liberty interest,

20  and Wilkinson v. Austin, 545 U.S. 209 (2005), which held that an indefinite placement in a harsh

21  administrative segregation unit deprived inmates of a protected liberty interest. Deprivations

22  that are authorized by state law and are less severe or more closely related to the expected terms

23  of confinement may also amount to deprivations of a procedurally protected liberty interest,

24  provided that (1) state statutes or regulations narrowly restrict the power of prison officials to

25  impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in

26  question is one of "real substance." See Sandin, 515 U.S. at 477-87. Generally, "real substance"

27  will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on

28

1  the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that

2  "will inevitably affect the duration of [a] sentence," id. at 487.  The Supreme Court in Wilkinson

3  suggested that indefinite placement in a restrictive "supermax" facility, where inmates are not

4  eligible for parole consideration and receive annual reviews imposes an "atypical and significant

5  hardship within the correctional context."  See Wilkinson, 545 U.S. at 223-25.

6      Based on the above referenced law, petitioner appears to have a protected liberty interest

7  against indefinite placement in the SHU.  SHU conditions are severe and may affect petitioner's

8  eligibility for parole.  The potential to spend years in the harsh conditions of the SHU presents an

9  atypical and significant hardship and therefore amounts to a deprivation of a protected liberty

10  interest.  The cases establish that once an inmate has been placed in administrative segregation,

11  as petitioner has, due process requires that prison officials engage in some sort of periodic

12  review of the inmate's confinement in administrative segregation.  See Hewitt v. Helms, 459

13  U.S. 460, 477 n.9 (1983), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 483

14  n.5 (1995); Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir. 1986).  Lower courts have

15  found that those periodic reviews must be more than "meaningless gestures" to satisfy due

16  process.  Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989), citing Toussaint v.

17  McCarthy, 801 F.2d at 1102.  Accordingly, the court rejects respondent's argument that

18  petitioner has failed to state a claim.

19      Respondent argues that the court should dismiss the petition as failing to set forth

20  sufficient facts for relief.  In ordinary civil proceedings, the governing rule, Rule 8 of the Federal

21  Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that

22  the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 2(c) of the Rules Governing

23  Habeas Corpus cases requires a more detailed statement.  The habeas rule instructs the petitioner

24  to "specify all the grounds for relief available to [him]" and to "state the facts supporting each

25  ground."  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28

26  U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas

27  petitioner must state his claims with sufficient specificity).  Here, despite respondent's statement

28

1 | to the contrary, petitioner specifies that he is challenging his November 2011 periodic review as

2 | lacking "meaningful review," and being unsupported by "some evidence," and confirms the

3 | same in his opposition.  Thus, the court finds that it is unnecessary to dismiss the petition with

4 | leave to amend to allege more specifics.

5 |       Respondent further argues that, to the extent this petition challenges petitioner's initial

6 | 2009 gang validation and initial placement in the SHU, it should be dismissed as successive.

7 | The court agrees.  Section 2244(a) provides, "No circuit or district judge shall be required to

8 | entertain an application for a writ of habeas corpus to inquire into the detention of a person

9 | pursuant to a judgment of a court of the United States if it appears that the legality of such

10 | detention has been determined by a judge or court of the United States on a prior application for

11 | a writ of habeas corpus."  "Generally, a new petition is second or successive if it raises claims

12 | that were or could have been adjudicated on their merits in an earlier petition."  Cooper v.

13 | Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).  Here, petitioner is challenging his 2011 periodic

14 | review decision but petitioner also discusses his initial gang validation.  The court recognizes

15 | that in Stockton I, petitioner challenged the initial 2009 gang validation and initial placement in

16 | the SHU on the ground that they violated due process.  The court addressed and denied Stockton

17 | I on February 10, 2015.  Thus, to the extent petitioner is attempting to raise those same claims in

18 | this petition, the claims are denied as successive.  Respondent's motion to dismiss these

19 | successive claims is GRANTED.

20 |       Respondent next argues that petitioner's petition should be dismissed to the extent it

21 | requests relief based on state law grounds.  The court agrees.  A person in custody pursuant to

22 | the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that

23 | he is in custody in violation of the Constitution or laws or treaties of the United States.  28

24 | U.S.C. § 2254(a).  In other words, "it is only noncompliance with federal law that renders a

25 | State's criminal judgment susceptible to collateral attack in the federal courts."  Wilson v.

26 | Corcoran, 131 S. Ct. 13, 16 (2010) (emphasis in original).  The Supreme Court has repeatedly

27 | held that federal habeas writ is unavailable for violations of state law or for alleged error in the

28 |

interpretation or application of state law.  See Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011).  Accordingly, to the extent petitioner is arguing that the state laws were violated, those claims are not properly before this court.  Respondent's motion to dismiss petitioner's state law claims is GRANTED.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED in part and DENIED in part. Respondent's motion is GRANTED to the extent petitioner is attempting to raise successive claims regarding his 2009 initial validation and placement in the SHU, or state law claims. Those claims are DISMISSED.  Respondent's motion is DENIED as to his remaining assertions.

Petitioner's motion to withdraw his motion to consolidate his cases is GRANTED.

Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The order terminates docket numbers 8 and 14.

///

///

1      IT IS SO ORDERED.

2   DATED:  ~~DATE~~

_____
RONALD M. WHYTE
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss; Granting Petitioner's Motion to
Withdraw Motion to Consolidate; Further Briefing
P:\PRO-SE\RMW\HC.13\Stockton978MTD.wpd    8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN STOCKTON JR,

                Plaintiff,

    v.

ACTING WARDEN CLERK DUCART,

                Defendant.

                                     /

Case Number: CV13-03978 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 3, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert John Stockton J-80992
C11-102, Security Housing Unit
Pelican Bay State Prison, SHU
P.O. Box 7500
Crescent City, CA 95532

Dated: March 3, 2015

                                  Richard W. Wieking, Clerk
                                  By: Jackie Lynn Garcia, Deputy Clerk