IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN STOCKTON, JR., | No. C 13-3978 RMW (PR) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| GREG D. LEWIS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer, and petitioner has filed a traverse. Petitioner has also filed a motion for an evidentiary hearing, to which respondent has filed an opposition, and petitioner has filed a reply. However, for the reasons stated below, the court dismisses the petition as moot.

**BACKGROUND**

According to the petition, petitioner was convicted of murder, and sentenced on October 16, 1995 in Tehama County Superior Court. Petitioner was sentenced to a term of 29 years to life in state prison. On December 3, 2009, petitioner was housed at Pelican Bay State Prison, where he was validated as an associate of the Aryan Brotherhood prison gang. As a result, he was placed in the Security Housing Unit ("SHU") for an indeterminate term. Petitioner

challenged his gang validation and placement in the SHU via administrative appeals and the state courts, and was denied. Petitioner also challenged that SHU placement in this court, and was denied. See Stockton v. Lewis, No. 11-5562 RMW (N.D. Cal. denied Feb. 10, 2015) ("Stockton I").[1]

Petitioner now challenges the November 30, 2011 periodic review of his indeterminate SHU placement. Petitioner filed the underlying federal habeas petition on August 27, 2013. In his petition, petitioner alleges that, on November 30, 2011, he appeared before the Institutional Classification Committee ("ICC") for a periodic review of his SHU placement after being validated as a gang member in 2009. As grounds for federal habeas relief, petitioner claims that: (1) he did not receive due process at the ICC hearing, and (2) his detention in the SHU, and specifically, his being labeled as "active" in gang activity was not supported by "some evidence."

Respondent has filed an answer responding to the merits of petitioner's petition. Petitioner filed a traverse, and acknowledged that, on April 20, 2015, petitioner was released from the SHU. Petitioner has requested an evidentiary hearing. Respondent has opposed the request, and in his opposition, argues that petitioner's petition is now moot.

**DISCUSSION**

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). A case becomes moot "when the parties lack a legally cognizable interest in the outcome." Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1020 (9th Cir. 2010) (quotation marks omitted). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'" Alvarez v. Smith, 558 U.S. 87, 93 (2009).

---

[1] The Ninth Circuit denied a certificate of appealability on November 2, 2015.

An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained and not considered moot. Id.

When petitioner first filed this petition, habeas jurisdiction was present because petitioner was seeking release from the SHU to the general prison population. See Nettles v. Grounds, 788 F.3d 992, 1004-06 (9th Cir. 2015). Petitioner was also seeking the "restoration" of "withheld" good-time credits because petitioner was unable to accrue good time credits while in the SHU.[2] However, petitioner has not yet reached his minimum eligible parole date ("MEPD"), which is March 5, 2019. (Resp. Ans., Ex. 9.) Petitioner's inability to earn good time credits while in the SHU does not alter a previously earned release date, and success on this claim would not "necessarily spell speedier release." Nettles, 788 F.3d at 1003. Moreover, even assuming that some amount of petitioner's good time credits were forfeited as a punishment, restoration of those credits would not necessarily accelerate petitioner's release from custody because the credit restoration on the duration of confinement is "too attenuated" to support habeas jurisdiction. See id. Thus, the fact that petitioner was unable to earn good time credits while in the SHU does not confer habeas jurisdiction on this petition.

As respondent notes, petitioner has already received the primary relief that the court

---

[2] The court takes judicial notice of its own order in Stockton I. The court reminds petitioner that, "petitioner's argument regarding the loss of good time credits misstates the law and ignores a critical difference between the treatment of good time credit in disciplinary hearings and in gang validations. In disciplinary hearings, earned good time credits are taken away, resulting in increased procedural due process protections because an otherwise earlier release date may be invalidated. Under California Penal Code § 2933.6(a), however, an inmate who has been validated in a gang does not lose earned credit, but rather becomes ineligible to earn additional credits while in segregated housing. Petitioner's inability to earn additional credits does not alter a previously earned release date." Stockton I, Docket No. 31 at 2.

1  could have provided: to be released from the SHU. See Fay v. Noia, 372 U.S. 391, 430 (1963)
2  (recognizing that a habeas court only has the power to release the body of the prisoner),
3  overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Petitioner was
4  released from the SHU on April 20, 2015, and approved for transfer to High Desert State Prison
5  in general population. (Traverse, Ex. 1.) There are no "collateral consequences" for petitioner
6  such that success on this habeas petition can remedy. See Munoz v. Rowland, 104 F.3d 1096,
7  1097-98 (9th Cir. 1997) (dismissing appeal as moot on due process challenge to gang validation
8  and SHU placement because the petitioner was released from the SHU, and there were no
9  collateral consequences). Thus, petitioner's case is DISMISSED as moot.

## CONCLUSION

Accordingly, the petitioner's case is DISMISSED as moot. The clerk shall terminate all pending motions and close the file.

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: __3/11/2016__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge